FILED

OCT 1 2 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARLENE PICKENS,

    Plaintiff,

08-cv-6305-PK

OPINION AND ORDER

UNITED STATES OF AMERICA,

    Defendant.

PAPAK, Judge:

    Plaintiff Marlene Pickens filed this negligence action against defendant United States of America arising out of alleged injuries to her hearing as a result of exposure to an alarm on a U.S. Postal Service vending machine. This court has jurisdiction under 28 U.S.C. § 1346(b), governing actions in which the United States is a defendant. Now before the court is Pickens' motion for leave to file a third amended complaint (#65). For the reasons set forth below, the motion is denied.

Page 1 - OPINION AND ORDER

## BACKGROUND

### I. Procedural History

On October 1, 2008, Pickens filed a complaint alleging that a negligently loud alarm sounded while she was a customer in the Sherwood, Oregon post office and caused injury to her hearing. (Complaint, #1, ¶¶4-5.)[1] Four months later, on January 29, 2009, Pickens filed her first amended complaint. (First Amend. Complaint, #5.) On June 24, 2009, Pickens filed an unopposed motion to amend her complaint again in order to "make more definite and certain plaintiff's allegations of negligence and facts giving rise to the allegations of negligence." (Motion to Amend, #12.) At the time, Pickens' counsel stated that he would file a second amended complaint "without delay." (Kracke Affidavit, #13.) This court then ordered Pickens to "promptly file" her second amended complaint. (Minute Order, #14.)

Pickens, in fact, failed to promptly file her second amended complaint. Eight months after the court's order, on March, 2, 2010, Pickens instead filed another unopposed motion to amend her complaint. (Motion to Amend, #25.) In that motion, Pickens sought only to increase her prayer for damages from $150,000 to $255,00 and did not attempt to amend her allegations of negligence. *Id.* This court granted Pickens' motion. (Minute Order, #27.)

In April, 2010, the United States moved for summary judgment. After Pickens filed expert statements as part of her opposition to the motion for summary judgment, (Kracke Decl., #54, Exs. A-D), the United States moved to strike the report of one of those experts, Michael Fairchild. (Mot. to Strike, #54.) Discovery closed on June 18, 2010, (Minute Order, #46), and

---

[1] Subsequent discovery revealed that the alarm was part of a model 1625B postal products vending machine placed in the outer lobby of the Sherwood post office. (Breiner Decl., #38, at 1-2.)

Page 2 - OPINION AND ORDER

by July 2, 2010, the parties completed their briefing on the United States' summary judgment motion. On July 22, 2010, this court set oral argument on the summary judgment motion and motion to strike. (Minute Order, #62.) Then, in response to plaintiff's statement of intent to seek leave to further amend her complaint, this court held a telephone conference on July 26, 2010. During the conference, this court and both parties agreed that it would be most efficient to postpone oral arguments on defendant's motion for summary judgment and motion to strike in order to address plaintiff's request to amend her complaint. Thus, this court struck the scheduled oral arguments from its calendar and permitted Pickens to file the present motion to amend. (Minute Order, #64.)

## II.  Motion to Amend

On July 30, 2010, Pickens filed a motion for leave to file a third amended complaint seeking two substantive changes. First, Pickens wishes to clarify that "a postal vending machine alarm" (as opposed to "an alarm") sounded, causing her injuries. (Proposed Third Amended Complaint, #65-1, ¶4.) Second, Pickens wishes to additionally allege that the United States was negligent by: (1) failing to place a warning label on the vending machine or entrance to the building; and (2) failing to repair the machine's defective and hypersensitive alarm trigger mechanism. *Id.*

### LEGAL STANDARD

A party may amend a pleading once as a matter of course before being served with a responsive pleading or within 20 days after serving the pleading but thereafter may only amend by consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a). "The court should

Page 3 - OPINION AND ORDER

freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is within the discretion of the trial court, but that discretion "should be guided by the underlying purpose of Rule 15(a) which was to facilitate decisions on the merits, rather than on technicalities or pleadings." *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (citation omitted). "A district court may, however, take into consideration such factors as bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Id.* (citation omitted). "An outright refusal to grant leave to amend without a justifying reason is . . . an abuse of discretion." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008) (citation omitted).

## DISCUSSION

A motion for leave to amend should be granted unless there has been a showing that to permit the amendment would produce an undue delay in the litigation, that the motion was brought in bad faith or out of dilatory motive, that the movant has repeatedly failed to cure deficiencies in the complaint by previous amendments, that the proposed amendment would unduly prejudice an opposing party, or that the proposed amendment would result in futility for lack of merit. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, it is well settled that, of these factors, the most important is the potential for prejudice to opposing parties, *see Jackson*, 902 F.2d at 1387, *citing Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971), that futility alone is sufficient grounds for denying a motion to amend, *see Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004), *quoting Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003), and that undue delay alone is insufficient to justify the denial of a motion for leave to

Page 4 - OPINION AND ORDER

amend, *see Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Although amendment would not be futile, Pickens' motion is denied because the United States has shown that allowing amendment would produce an undue delay in litigation and would prejudice defendant, and that Pickens failed to cure deficiencies in the complaint through previous amendments.

I.      **Undue Delay**

The timing of Pickens' motion suggests amendment would be improper. First, courts are reluctant to grant motions to amend after parties have finished discovery and filed summary judgment motions. *See Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991), *overruled on other grounds by Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001) ("The timing of the motion, after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave [to amend.]") For example, in *M/V Am. Queen v. San Diego Marine Constr. Corp.*, the Ninth Circuit affirmed the district court's denial of leave to amend when the district court found that, among other factors, plaintiff waited one and a half years after the initial complaint to move for amendment and a motion for summary judgment was already pending. *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).

Here, Pickens filed her motion for leave to amend over two years after her original complaint. Moreover, Pickens' motion came after discovery closed, after the parties had fully briefed a motion for summary judgment, and after the court had set oral argument on that motion. Because "a motion for leave to amend is not a vehicle to circumvent summary judgment", *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d at 443, the timing of Pickens' filing favors denying leave to amend. Additionally, the fact that Pickens gave no reason for this delay, aside from

Page 5 - OPINION AND ORDER

stating that her newly added theories "were based primarily on [] deposition transcripts," further disfavors amendment. (Pl. Mot. to Amend, #65, at 2); *see Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (citing *Swanson v. United States Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996)) (delay is an especially relevant factor when no reason is given for the delay.) Nevertheless, since delay alone, without prejudice, does not usually warrant denial of leave to amend, I proceed to examine potential prejudice to the opposing party. *See United States v. Pend Orielle Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991) (abuse of discretion when only factor considered was delay).

**II.     Prejudice**

Granting Pickens leave to amend would unfairly prejudice the United States for several reasons. First, amendment would require defendant to conduct additional discovery to address plaintiff's two new theories of negligence, including expenditures for expert consultation and review. (Def. Resp. to Mot. to Amend, #67, at 6); *see Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1399 (9th Cir. 1986) (affirming denial of leave to amend when allowing amendment would prejudice the defendant "because of the necessity for further discovery"); *cf. Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (prejudice found when issues raised by proposed amendment involved new factual and legal issues and would require additional discovery). Additionally, permitting Pickens to amend would prejudice the United States by requiring it to file supplemental summary judgment briefing addressing Pickens' new theories of negligence. *See Priddy v. Edelman*, 883 F.2d 438, 446 (6th Cir. 1989) ("A party is not entitled to wait until the discovery cutoff date has passed and a motion for summary judgment has been filed on the basis of claims asserted in the original complaint before

Page 6 - OPINION AND ORDER

introducing entirely different legal theories in an amended complaint.")[2]

### III.   Previous Amendments

Denial of Pickens' motion to amend is also appropriate because Pickens failed to seize the opportunity previously granted by this court to amend her complaint. In June, 2009, plaintiff sought and received leave to amend her complaint to clarify her negligence allegations. Instead of making that amendment in a timely fashion, plaintiff delayed eight months before seeking to amend only her damages request, then waited an additional four months before finally seeking to amend her negligence allegations. Such an inexplicable delay after this court granted leave to amend favors denial of leave to amend at this late juncture. *See Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (affirming denial of motion to amend after plaintiff "previously had an opportunity to timely amend its complaint and it failed to do so."); *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 677 (9th Cir. 1993) (discretion is particularly broad when plaintiff bypassed previous opportunities to amend).

### IV.   Futility

Courts in this circuit typically find a proposed amendment to be futile when the complaint as amended would either fail to state a claim or certainly be defeated on summary judgment. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) (amendment futile because proposed amendment would appear not to state a claim); *Roth v. Garcia Marquez*,

---

[2] Defendant also argues that amendment to include a "failure to warn" negligence theory would be prejudicial because plaintiff bases that theory on an expert statement that was improperly exchanged and is now subject to defendant's motion to strike. (Def. Resp. to Mot. to Amend, #67, at 7.) Because I have stayed defendant's motion to strike pending the outcome of plaintiff's motion to amend, I decline here to address whether plaintiff's derivation of a new negligence theory from an allegedly improper expert statement causes defendant prejudice.

942 F.2d 617, 628-629 (9th Cir. 1991) (amendment to specifically plead additional facts relevant to a claim the court had already considered would be futile because the claim "would certainly be defeated on summary judgment").

Pickens' proposed third amended complaint includes two new theories of negligence: failure to warn and failure to repair. Since these theories properly state claims for negligence and are not certain to be defeated on summary judgment, amendment to include them is not futile. First, a failure to warn claim under Oregon law should be analyzed in terms of foreseeability and unreasonable conduct, just like other negligence claims. *See Fuhrer v. Gearhart-By-The-Sea, Inc.*, 760 P.2d 874, 877 (Or. 1988) ("Whether negligence involves the commission of a negligent act or the taking of no action when the lack of action creates a foreseeable unreasonable risk of harm, the analysis should be the same.") Thus, "[a] defendant may be liable if the defendant can reasonably foresee that there is an unreasonable risk of harm, a reasonable person in the defendant's position would warn of the risk, the defendant has a reasonable chance to warn of the risk, the defendant does not warn of the risk, and the plaintiff is injured as a result of the failure to warn." *Fuhrer v. Gearhart-By-The-Sea, Inc.*, 760 P.2d 874, 878 (Or. 1988). Here, defendant suggests that Pickens' failure to warn theory is meritless because Pickens fails to establish that the United States knew or should have known of the hazards posed by the alarm. (Def. Resp. to Mot. to Amend, #67, at 7-8.) Some evidence, however, suggests that defendant could foresee the hazard caused by the sound of the alarm,

indicating that the claim would not "certainly be defeated" on summary judgment.[3] For instance, Michael Breiner, the Sherwood postmaster stated that he considered the alarm "to be too loud" and asked a maintenance specialist if the volume could be lowered. (Breiner Decl., #38, ¶¶14, 19). Also, Breiner testified in deposition that he was not surprised that Pickens complained of suffered hearing problems as a result of being close to the vending machine when the alarm activated, and that he heard from customers at the post office and observed from their gestures when the alarm went off that the alarm was loud. (Kracke Decl., #53, Ex. 3 at 51-52, 57.) Amending the complaint to allege this theory therefore would not be futile.

Similarly, Pickens' failure to repair theory, although imprecisely plead, would also bolster a general allegation of negligence. Failure to repair claims are most typically brought in the landlord-tenant context, which is not applicable here. *See, e.g., Bickham v. Reynolds*, 355 P.2d 756 (Or. 1960) (in the absence of an express covenant, a landlord is not bound to make repairs to leased premises). Instead, a failure to repair theory would likely be analyzed under the general rubric of premises liability, such that defendant's alleged failure to repair the defective and hypersensitive alarm mechanism on the premises would help Pickens establish her claim that defendant negligently exposed her to the noise from that alarm. *See Katter v. Jack's Datsun Sales, Inc.*, 566 P.2d 509, 512 (Or. 1977) (For an invitee to recover against a possessor of land for negligence in Oregon, the invitee must prove that the possessor: (1) knows or by the exercise

---

[3] I do not decide here that Pickens' claims will actually survive summary judgment, as such a determination will be reserved for the motion for summary judgment currently stayed by this court.

of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm to such invitee; (2) expects or should expect that an invitee will not discover or realize the danger or will fail to protect himself or herself against it; and (3) fails to exercise reasonable care to protect the invitee against the danger.) Further, I note at least some factual evidence that the alarm was defective or hypersensitive, indicating that plaintiff's failure to repair theory potentially has merit. For example, the postmaster testified that customers reported small children setting off the alarm by pushing the vending machine and that the machine "was sensitive." (Kracke Decl., #53, Ex. 3 at 41-42.) Thus, amending the complaint to include Pickens' allegation that defendant negligently failed to repair the defective and hypersensitive alarm trigger mechanism would not be futile.

## V.     Weighing of Factors

Even though Pickens' new allegations are not futile, the remaining factors suggest that amendment should not be granted. The most important factor in the analysis is prejudice to the opposing party, and the United States will suffer prejudice from the costs of additional discovery and supplemental briefing if Pickens is allowed to amend. Pickens' undue delay in requesting amendment until after a summary judgment motion was fully briefed and failure to amend when granted previous opportunities also weight against amendment. Finally, because Pickens seeks to add only new theories and fails to explain why she did not develop those theories originally, I find that denying amendment is proper. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), *citing Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) ("a district court does not abuse its discretion in denying a motion to amend where the movant

Page 10 - OPINION AND ORDER

presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally.")

## CONCLUSION

For the foregoing reasons, Pickens' motion for leave to amend complaint (#65) is denied.

Dated this 12th day of October, 2010.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

Page 11 - OPINION AND ORDER